William M. Audet (CA State Bar #117456)
waudet@audetlaw.com
Jason T. Baker (CA State Bar #212380)
jbaker@audetlaw.com
Jonas P. Mann (CA State Bar # 263314)
jmann@audetlaw.com
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

*Counsel for Plaintiff
and the Certified Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jason Yamada, D.D.S., on behalf of himself and others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>NOBEL BIOCARE HOLDING AG, NOBEL BIOCARE AB, NOBEL BIOCARE USA, LLC.; and DOES 1 through 10,<br><br>                    Defendants. | Case No. CV10-04849 MWF (PLAx)<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: May 13, 2013<br><br>Time: 10:00 a.m.<br><br>Judge Michael W. Fitzgerald |

*Audet &
Partners,
LLP*

NOTICE IS HEREBY GIVEN that on May 13, 2013, at 10:00 a.m., a hearing on matters raised in this Motion will take place before the Honorable Michael W. Fitzgerald, District Court Judge for the Central District of California. The hearing will be at Courtroom 1600 in the United States Courthouse located at 312 N. Spring St., Los Angeles, CA 90012.

Plaintiff, on behalf of the certified Class, will and hereby does move the Court for an Order:

1.     Finding the Settlement is within the range of reasonableness for preliminary approval;

2.     Approving as to form and content Plaintiff's proposed Class Notice and Claim Forms, and directing notice be sent pursuant to the terms of the Settlement; and

3.     Scheduling a Fairness Hearing, staying the action pending the Fairness Hearing, and enjoining class members from commencing or prosecuting these claims pending the Fairness Hearing.

This motion is based upon this notice, the Memorandum of Points and Authorities, Class Counsels' Application for Approval of Claim Forms, affidavits, pleadings and other exhibits in support thereof, as well as any documents or testimony presented at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place continuously over the past several months, commencing approximately December 17, 2012.

Dated this April 15, 2013            AUDET & PARTNERS, LLP

  /s/ William M. Audet
William M. Audet
221 Main Street, Suite 1460
San Francisco, CA  94105
415.568.2555 T
415.568.2556 F
waudet@audetlaw.com

Audet &
Partners,
LLP

2
NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Steve Ochs
805 South Reserve St.
Missoula, MT 59801
406.549.6600 T
406.549.1511 F

Jason Ochs
Ochs Law Firm, PC
323 David Street
Casper, WY 82601

Ramon Lopez
Lopez McHugh, LLP
100 Bayview Circle, Ste. 5600
Newport Beach, CA 92660
949.737.1501 T
949.737.1504 F

*Attorneys for Plaintiff and the Class*

Audet &
Partners,
LLP

3
NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

William M. Audet (CA State Bar #117456)
waudet@audetlaw.com
Jason T. Baker (CA State Bar #212380)
jbaker@audetlaw.com
Jonas P. Mann (CA State Bar # 263314)
jmann@audetlaw.com
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

*Counsel for Plaintiff*
*and the Certified Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jason Yamada, D.D.S., on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NOBEL BIOCARE HOLDING AG, NOBEL BIOCARE AB, NOBEL BIOCARE USA, LLC.; and DOES 1 through 10,<br><br>Defendants. | Case No. CV10-04849 MWF (PLAx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Date: May 13, 2013<br><br>Time: 10:00 a.m.<br><br>Judge Michael W. Fitzgerald |

Audet &
Partners,
LLP

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  PROCEDURAL HISTORY .............................................................................. 2

III. SUMMARY OF THE SETTLEMENT TERMS ............................................. 6

    A.   The Class ................................................................................................ 6

    B.   Class Representative ............................................................................. 6

    C.   Class Counsel ......................................................................................... 6

    D.   Benefits and Release ............................................................................. 6

    E.   Settlement Administrator ...................................................................... 7

    F.   Notice ...................................................................................................... 7

    G.   Claims Process ....................................................................................... 8

    H.   Opt-Outs and Objectors ....................................................................... 9

    I.   Attorneys' Fees and Costs and Class Representative ........................ 9

IV.  THE PROPOSED SETTLEMENT MEETS THE REQUIREMENTS FOR
     PRELIMINARY APPROVAL ..................................................................... 10

    A.   Rule 23(a) and (b) ............................................................................... 12

    B.   The Proposed Settlement Is Fair, Adequate, and Reasonable. ........... 12

V.   CONCLUSION ................................................................................................ 19

i

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

# TABLES OF AUTHORITIES

**Cases**

*American Honda v. Superior Court*, 199 Cal. App. 4th 1367 (2011) .............................. 5

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) .................................. 10, 11, 13

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ...................................................... 18

*Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975) ................................................................. 14

*Hanlon v. Chrysler*, 150 F.3d 1011 (9th Cir. 1998) ....................................................... 14

*Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) ............................. 5

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) ...................... 11, 13, 14

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) .................................................. 18

**Treatises**

4 NEWBERG ON CLASS ACTIONS (4th ed. 2002) § 11.25 ................................................ 11, 12, 14

4 NEWBERG ON CLASS ACTIONS (4th ed. 2002) § 11.41 ................................................ 10

MANUAL FOR COMPLEX LITIGATION (4th ed. 2010) § 13.14 ...................................... 11, 12

MANUAL FOR COMPLEX LITIGATION (4th ed. 2010) § 21.311 .................................... 18

MANUAL FOR COMPLEX LITIGATION (4th ed. 2010) § 21.312 .................................... 18

MANUAL FOR COMPLEX LITIGATION (4th ed. 2010) § 21.63 ...................................... 11

MANUAL FOR COMPLEX LITIGATION (4th ed. 2010) § 21.632 .................................... 11

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

*Audet &
Partners,
LLP*

## I.    INTRODUCTION

Plaintiff Dr. Jason Yamada, D.D.S., individually and on behalf of the certified class, respectfully brings this motion for an order granting preliminary approval of the Settlement Agreement, approving and ordering the form and manner of notice to the class proposed by Plaintiff, approving the claim forms proposed by Plaintiff, and scheduling a final fairness hearing.[1] (See Declaration of William M. Audet in Support of Motion for Preliminary Approval ["Audet Decl."] Exhibits A [Settlement Agreement], B [Proposed Notice], C [Proposed Claim Form for Pre-Effective Date Claimants], and D [Proposed Claim Form for Post-Effective Date Claimants.) The Settlement resolves all remaining class-wide claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, and related state consumer protection statutes in the above captioned matter.

Plaintiff brought this action on June 30, 2010, on behalf of himself and all others similarly situated alleging a defect in the design of Defendants' NobelDirect dental implant. Plaintiff alleges that the NobelDirect is inherently defective and fails well before its warranted life and well before similar implants. Defendants have at all times denied all of Plaintiff's allegations. This case has gone through multiple motions to dismiss, discovery disputes, a successful motion for class certification, a motion for summary judgment, and a motion for reconsideration and decertification. There have been thousands of documents

---

[1] Unfortunately, despite exhaustive efforts, the parties were not able to agree on the format of the claim forms in this case (and to the extent that it references instructions on the claim forms the parties disagree on the format of the notice but agree on the content of the notice in all other respects). Accordingly, Plaintiff submits along with this motion for preliminary approval an application for approval of Plaintiff's claim forms.

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Audet & Partners, LLP

produced, hundreds of discovery requests, and many depositions taken. It was at all times a hard-fought litigation between highly experienced counsel who all specialize in class action litigation.

As a result, the Court can be assured that the settlement is the result of extensive arm's-length negotiations between parties represented by highly experienced counsel following a hard-fought litigation. Most importantly, the settlement is a fair and reasonable resolution of the claims asserted in the lawsuit and provides meaningful compensatory relief to class members with an absolute minimum of procedural hurdles. Notice is the best possible with direct mailing and email notice to all class members based on Defendants' sales records. Class Counsel agreed to settle only when it was assured this was the best possible settlement that could be reached for the class.

## II. PROCEDURAL HISTORY

Plaintiff filed his Class Action Complaint on June 30, 2010 on behalf of a class of "[a]ll dentists in the United States who have implanted NobelDirect Implants." (Docket No. 1.) On October 21, 2010, Plaintiff filed his First Amended Complaint ("FAC") with the same class definition. Plaintiff's FAC pleaded class-wide causes of action for declaratory relief, implied indemnity, breach of express warranty, breach of implied warranty, and violation of California's unfair competition law ("UCL").

Plaintiff alleges that the NobelDirect Implant is inherently defective. While Defendants marketed the NobelDirect as easier to implant due to its single stage design (traditional dental implants are placed in two stages). Specifically, Defendants promised the NobelDirect would offer "reduced bone loss." However, due to its defective design, the NobelDirect Implant results in greatly increased bone loss and resorption due to excessively high levels of torque when compared to other dental implants. This bone loss results in the eventual failure of the implant necessitating extraction and replacement.

Defendant has at all times denied Plaintiff's allegations. On November 5, 2010, Defendants moved to dismiss Plaintiff's FAC in its entirety. (Docket No. 19.) On November 22, 2010, Plaintiff opposed Defendants' motion to dismiss. (Docket No. 21.) On January 20, 2011, the Court denied Defendants' motion to dismiss as to all causes of action except for the implied indemnity claim, which was dismissed with prejudice. (Docket No. 36.) That same day, the Court issued an order setting a schedule for class certification. (Docket No. 37.)

Plaintiff filed his motion for class certification on February 28, 2011. (Docket No. 48.) Defendants opposed the class certification motion on March 7, 2011. (Docket No. 53.) The class certification process involved a great deal of supplemental briefing. Defendants filed numerous exhibits that Plaintiffs believed were procedurally improper and moved to strike them. (Docket Nos. 61, 62, and 63.) Indeed, the Court ordered supplemental briefing on the evidentiary issues on April 6, 2011. (Docket No. 75.) The Court the motion and related issues under submission to be decided without hearing on April 12, 2011 (Docket No. 78.)

On August 12, 2011, the Court granted Plaintiff's motion for class certification and certified a class of "[a]ll dentists in the United States who have purchased any NobelDirect implant other than the 'NobelDirect Groovy.'" (Order Granting Class Certification ("Class Cert. Order"), Docket No. 86, p.4.)

Defendants immediately indicated they would seek interlocutory review from the United States Court of Appeals for the Ninth Circuit in a Federal Rules of Civil Procedure Rule 23(f) petition. On August 15, 2011, Defendants filed an *ex parte* application with the District Court to stay further proceedings until the Ninth Circuit ruled. (Docket No. 87.) Plaintiffs opposed this effort to delay the vindication of the rights of the class and filed papers to oppose the stay. Opposing both of these attempts on an expedited basis required a great deal of effort from Class Counsel in order to preserve the rights of the now-certified class.

Audet & Partners, LLP

3

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

On August 22, 2011, the District Court denied Defendants' *ex parte* motion for a stay. (Docket No. 89.) On August 26, 2011, Defendants filed their Rule 23(f) petition with the Ninth Circuit.  On August 31, 2011, Defendants filed another motion to stay with the Ninth Circuit. Plaintiff again opposed it. The Ninth Circuit ordered supplemental briefing on an expedited basis, which Plaintiff completed. On September 6, 2011, the Ninth Circuit denied Defendants' Rule 23(f) petition and denied the motion to stay as moot.

On September 2, 2011, following a dispute arising from Defendants' contention that those dentists who purchased their NobelDirect implants through a corporation or other practice group organization were not part of the class, the Court clarified that the class definition would be:

> "All dentists in the United States who have purchased any NobelDirect dental implant other than the 'NobelDirect Groovy.' The class shall include individual dentists who purchased or acquired the NobelDirect dental implant by and through any partnerships, corporations or other similar entities."

(Order re Plaintiff's Proposed Notice to the Class and Request for Clarification Regarding Scope of the Class, Sept. 2, 2011, Docket No. 94.)

Following the Court's clarification of the scope of the class, Plaintiff engaged a Claims Administrator to disseminate notice to the class. Notice was sent to all Class Members via direct mail. Class Members had eighty days to opt out of the class. Of the 2,901 who received notice, only nineteen requested exclusion. Class Counsel responded to calls and emails from potential class members throughout this process. Following the conclusion of the opt-out, Class Counsel continued discovery in preparation for trial. On April 25, 2012, the Court entered an order setting the trial date for January 28, 2013. (Docket No. 106.)

On June 11, 2012, Defendants filed motions for summary judgment and for reconsideration and decertification of the class. (Docket Nos. 109 and 112.) On

4

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

June 29, 2012, Plaintiff opposed both motions and filed a motion to strike Defendants' motion for reconsideration. (Docket Nos. 121 and 122.) Defendants opposed the motion to strike on July 9, 2012. (Docket No. 126.)

On August 3, 2012, the Court denied Defendants' motion for summary judgment in total and ordered the parties to provide supplemental briefing on the specific issue of whether *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), and *American Honda v. Superior Court*, 199 Cal. App. 4th 1367 (2011), require decertification of the class and whether alternative classes could be appropriate. (Docket No. 136.) On August 13, 2012, Plaintiff provided supplemental briefing as requested by the Court. (Docket No. 139.) On August 27, 2012, the Court heard oral argument on Defendants' motion for reconsideration. On August 31, 2012, the Court granted Defendants' motion as to the declaratory relief and breach of warranty claims but denied Defendants' motion as to Plaintiff's California Unfair Competition Law ("UCL") claims. This left Plaintiffs with the first and only nationwide certified class following the Ninth Circuit's decision in *Mazza*.

Following the Court's granting and denying of Defendants' motion to decertify the class, the parties began settlement negotiations in earnest. These negotiations have been, at all times, vigorously fought and conducted at arm's-length. At all times during the negotiations, Class Counsel was preparing to take the case to trial. Following multiple rounds of revisions and contentious negotiations, the parties were able to reach an agreement on all material terms November 6, 2012.

The parties never discussed attorneys' fees until there was an agreement on the substantive terms of the settlement. Indeed, the parties have still not been able to agree on Plaintiff's attorneys' fees and, as a result, class counsel will file an award for an application of attorneys' fees and expenses with the Court. Plaintiff

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Audet & Partners, LLP

proposes filing the application along with the motion for final approval no later than forty-five days before the final approval hearing.

## III.    SUMMARY OF THE SETTLEMENT TERMS

### A.    The Class

The Settlement Agreement, if approved, will settle this action on a class-wide basis on behalf of the already certified class defined as: "all dentists in the United States who have purchased from Nobel any NobelDirect dental implant other than the NobelDirect Groovy," including dentists who purchased or acquired the NobelDirect dental implant by and through any partnerships, corporations or other similar entities." (Settlement Agreement ¶I.6.)

### B.    Class Representative

Under the Agreement, Dr. Jason Yamada, DDS, the named plaintiff in this lawsuit, will serve as the Class Representative. (Settlement Agreement ¶I.10.)

Class Counsel will apply for an incentive award for Dr. Yamada in their application for an award of attorneys' fees and costs. Mr. Yamada has performed as an exemplary class representative in this case – he has reviewed and responded to all discovery propounded and made himself available for deposition on multiple occasions. Dr. Yamada has at all times diligently executed his duties and placed the class wide interests ahead of his own.

### C.    Class Counsel

On August 12, 2011, the Court appointed Audet & Partners, LLP; Lopez McHugh, LLP; the Ochs Firm, and Steven Ochs, JD, MD, as Class Counsel. (Docket No. 86.) Class Counsel are all highly experienced attorneys who specialize in complex litigation, particularly class actions. They will continue to serve as Class Counsel for the settlement. (Settlement Agreement ¶I.7.)

### D.    Benefits and Release

The Settlement Agreement provides for benefits based on the date of the failure of the Failed NobelDirect implant. The triggering date is the "Effective

*Audet & Partners, LLP*

6

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Date," defined in the Settlement Agreement as "the date following the entry of the Final Approval Order on which the time for any appeal expires, or the date on which all appeals from the Final Approval Order are finally decided or terminated, whichever date is later." (Settlement Agreement ¶I.15.)

Those Class Members who experienced a failure prior to the Effective Date of the settlement will receive a refund of the actual amount paid for the Failed NobelDirect Implant. If Nobel's records do not contain the actual amount paid, the claimant will receive $450.00.

For those Class Members who experienced a failure after the Effective Date of the settlement, they may elect to receive either a refund of the actual amount paid or a replacement Nobel implant. The replacement Nobel implant is of the Class Member's choosing without regard to cost. (Settlement Agreement ¶I.27; §III.)

The Settlement releases Defendants from all claims that could have been asserted by Plaintiff or any Class Members against Defendants with respect to the facts, claims or issues underlying Plaintiff's and Class Members' claim for Nobel's alleged violation of the UCL, or the comparable state consumer protection statutes of each Class Member's home state. (Settlement Agreement ¶VIII.A.)

### E.    Settlement Administrator

The Agreement provides that Nobel will either self-administer the settlement or retain a qualified entity to disseminate notice and/or process claims. (Settlement Agreement ¶I.5.)

### F.    Notice

The Agreement provides that within sixty (60) days of the Court's entry of a Preliminary Approval Order Nobel will disseminate notice to all members of the class by first class mail and email. (Settlement Agreement ¶IV.A.) Thus, direct notice of the Settlement and all its terms will be provided to all class members through two different channels. This is the best possible notice of a class action

Audet &
Partners,
LLP

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

settlement. Plaintiff's proposed notice is attached hereto as Exhibit B to the Audet Declaration.

In addition to direct notice to all Class Members, the Claims Administrator will maintain a website with (1) instructions on how to file a claim including downloadable copies of all necessary forms; (2) instructions on how to contact Class Counsel for assistance; (3) copies of the notice and settlement agreement; and (4) a copy of Class Counsel's application for attorneys' fees and costs. (Settlement Agreement ¶IV.B.)

All costs associated with dissemination of notice and maintaining the website will be paid by Nobel.

### G.    Claims Process

For class members who have Failed NobelDirect Implants that failed prior to the Effective Date of the settlement, they will submit a claim form. (Audet Decl. Ex. C.) These claims must be made within 120 of the Effective Date of the settlement.

For class members who have Failed NobelDirect Implants that fail after the effective date of the settlement, they will submit a claim form along with returning the explanted implant (postage to be paid by Nobel). (Audet Decl. Ex. D.) These claims must be made within 120 of the implant failure.

The reason for the slight variation in the claims process is for the convenience of class members. Those class members whose implants failed prior to learning of the settlement are unlikely to have the explanted implant and thus the claims process is made easier for them. Those class members whose implants fail in the future will have received direct notice of the settlement and be able to retain the implant and return it to Nobel (at Nobel's expense).

All costs for claims administration will paid by Nobel. (Settlement Agreement ¶IV.E.) All claims will be paid within sixty (60) days of receipt. (Settlement Agreement ¶V.C.) Any claim that is deficient will receive a written

explanation for the deficiency and the opportunity to cure the deficiency within sixty (60) days. (Settlement Agreement ¶V.D.) In the event of a dispute resulting from a denied claim Class Counsel will first attempt to resolve the dispute. (Settlement Agreement V.E.) In the event a resolution cannot be reached, the dispute will be resolved through binding arbitration. (*Id.*)

### H.   Opt-Outs and Objectors

Any class member who wishes to opt-out of the settlement can do so by delivering a written request for exclusion to the claims administrator at the address to be provided in the notice by the date provided in the notice. The claims administrator will provide the names of the valid exclusions no later than ten (10) days prior to the Final Approval Hearing.

The parties request that the Court enter an order requiring any class member who wishes to be heard orally at the Final Approval Hearing or who wishes to for any objection to be considered, to file a written notice of objection by the Objection Date (to be provided in the Class Notice) as well as a notice of intention to appear, if applicable. Class Members who wish to file an objection must provide the following information: (1) full name, address, and telephone number; (ii) a statement of the position(s) the objector wishes to assert; and (iii) copies of any other documents the objector wishes to submit in support of his or her position.

### I.   Attorneys' Fees and Costs and Class Representative

The parties have not reached an agreement on attorneys' fees and costs or any incentive payments to Dr. Yamada as class representative. To date, class counsel has expended over 5,000 hours dedicated to the prosecution of this action, and incurred expenses without any reimbursement.

Class counsel worked diligently in the interest of the class bringing and defending against numerous motions including a motion to dismiss, motion for summary judgment, multiple discovery motions, a motion for class certification,

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

and a motion to decertify the class. Further, class counsel successfully fought Defendants' attempts to delay the process through an interlocutory appeal to the Ninth Circuit. Because the parties have been unable to reach an agreement on attorneys' fees, Class Counsel will move the court for an award of fees and costs prior to the final approval hearing.

## IV.   THE PROPOSED SETTLEMENT MEETS THE REQUIREMENTS FOR PRELIMINARY APPROVAL

As a matter of "express public policy," federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *see also* 4 NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2002) (citing cases). The traditional means for handling claims like those at issue here — individual litigation — would unduly tax the court system, require a massive expenditure of public and private resources and, given the relatively small value of the claims of the individual Class Members, would be impracticable and Class Members would be discouraged from pursuing legitimate claims. Thus, the proposed Settlement is the best vehicle for Class members to receive the relief to which they are entitled in a prompt and efficient manner.

The MANUAL FOR COMPLEX LITIGATION describes a three-step procedure for approval of class action settlements:

(1)   Preliminary approval of the proposed settlement at an informal hearing;

(2)   Dissemination of mailed and/or published notice of the settlement to all affected class members; and

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

*Audet & Partners, LLP*

(3)     A "formal fairness hearing" or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

MANUAL FOR COMPLEX LITIGATION ("MANUAL"), at § 21.63 (4th ed. 2010). This procedure, used by courts in the Ninth Circuit and endorsed by class action commentator Professor Newberg, safeguards class members' due process rights and enables the court to fulfill its role as the guardian of class interests. 4 NEWBERG § 11.25.

With this motion, Plaintiffs request that the Court take the first step in the settlement approval process by granting preliminary approval of the proposed Settlement. The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness," and thus whether notice to the class of the settlement's terms and the scheduling of a formal fairness hearing is worthwhile. *Id.* The decision to approve or reject a proposed settlement is committed to the Court's sound discretion. *See City of Seattle*, 955 F.2d at 1276 (in context of class action settlement, appellate court cannot "substitute [its] notions of fairness for those of the [trial] judge and the parties to the agreement," and will reverse only upon strong showing of abuse of discretion) (*quoting Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 626 (9th Cir. 1982)).

The Court's grant of preliminary approval will allow all Class members to receive notice of the proposed Settlement's terms and the date and time of the "formal fairness hearing," or final Settlement approval hearing, at which Class members may be heard regarding the Settlement, and at which further evidence and argument concerning the fairness, adequacy, and reasonableness of the Settlement may be presented. *See* MANUAL, at §§ 13.14, § 21.632. Neither formal notice nor a hearing is required at the preliminary approval stage; the Court may

*Audet & Partners, LLP*

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

grant such relief upon an informal application by the settling parties, and may conduct any necessary hearing in court or in chambers, at the Court's discretion. *Id.* at § 13.14.

### A. Rule 23(a) and (b)

On August 12, 2011, this Court held that the Class met Rule 23(a)'s numerosity, commonality, typicality, and adequacy of representation requirements. (See Order Granting Plaintiff's Motion for Class Certification, Dkt. No. 86.) While the Court decertified the class as to certain causes of action on August 31, 2012, the Court refused to decertify the class as to the UCL claims, which are the only claims at issue in this settlement. (See Order Denying in Part and Granting in Part Defendant Nobel's Motion for Reconsideration, Docket No. 144.)

### B. The Proposed Settlement Is Fair, Adequate, and Reasonable.

Rule 23(e) requires the Court to determine whether this proposed settlement is fundamentally fair, adequate, and reasonable. The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness," and thus whether notice to the class of the terms and conditions of the Settlement, and the scheduling of a final approval hearing, are worthwhile. 4 NEWBERG § 11.25. The Ninth Circuit provides the following factors that may be considered in evaluating the fairness of a class action settlement:

> The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a

12

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

*Audet &
Partners,
LLP*

governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice v. Civil Service Comm'n of the City and County of San Francisco*, 688 F.2d at 625 (9th Cir. 1982); *see also City of Seattle*, 955 F.2d at 1276 (quoting *Officers for Justice*, 688 F.2d at 625) (a proposed Settlement may be finally approved by the trial court if it is determined to be "fundamentally fair, adequate, and reasonable.").

In affirming the settlement approved by the trial court in *City of Seattle*, the Ninth Circuit held that it "need not reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Id.* at 1291 (internal quotation and citation omitted). The district court's ultimate determination "will involve a balancing of several factors" which may include:  "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel … and the reaction of the class members to the proposed settlement." *Id.*

### C.   Settlement Negotiations Were Conducted at Arm's Length and is the Best Possible for Class Members.

In evaluating a class action settlement, the private consensual agreement negotiated by the parties is entitled to deference and the Court's role "is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* The settlement is considered as a whole, rather than in its component parts, when determining if it is fair, reasonable and adequate. *Hanlon*

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Audet & Partners, LLP

*v. Chrysler*, 150 F.3d 1011, 1026 (9th Cir. 1998). Because the nature of a settlement is the result of a compromise, the inquiry by the court "is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id*. at 1027. "Ultimately, the district court's determination is nothing more than an 'amalgam of delicate balancing, gross approximations, and rough justice.'" *Officers for Justice*, 688 F.2d at 625.

The Court's primary concern at this initial stage is to conduct a preliminary evaluation of the proposed settlement to determine whether class members should be informed of the potential settlement and the procedures for commenting thereon. *Id*. Regarding preliminary Court approval of class settlements:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

4 NEWBERG § 11:25.

> The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case.

*Officers for Justice*, 688 F.2d at 625.

In assessing the fairness, reasonableness and adequacy of the Settlement, the Court should balance the benefits of the settlement against the continuing risks of litigation. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

*Audet & Partners, LLP*

The Settlement Agreement reached between the parties here is the result of vigorous, arm's-length negotiation between experienced Class Counsel and defense counsel. It is the product of years of intensive discovery and litigation. At all times Class Counsel was prepared to take this case to trial in the event that a favorable resolution could not be reached through settlement negotiations. Ultimately, however, the parties were able to reach an agreement for a settlement that provides substantial monetary benefits to the class through a simple claims process. Moreover, because Class Counsel was diligent in obtaining as much contact information for the class as possible, notice will be directed to all Class Members through both U.S. Mail and email. This ensures that all Class Members who wish to participate in the settlement are easily able to do so.

**D.     The Settlement Provides Substantial Relief to the Class.**

The Settlement greatly improves upon the warranty that was provided with the NobelDirect. The original NobelDirect warranty was for a limited time, provided only for another NobelDirect implant (exchanging a dangerously defective product with the same thing), and recovery was subject to host of hurdles that Defendants could impose – claims could be denied if Defendants suspected that the implant failure was the result of a patient-specific cause and the burden was on Class Members to prove otherwise. The original warranty also imposed the additional burden of returning the extracted implant in order to recover. Thus dentists who may not have realized that the implant failure was due to a defect may not have even been able to file a warranty claim at all if they failed to retain the extracted implant.

Under the Settlement, all of these issues have been resolved. For class members with past failures, they can receive a full refund of the price paid for their NobelDirect. They do not have to return the implant and have only to sign a declaration indicating that the cause was not something known to them to have been exclusively caused by the patient.

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

*Audet &
Partners,
LLP*

For future failures, the Settlement agreement provides the class members their choice of either a full refund of actual costs paid for a failed NobelDirect or a replacement implant of the Class Member's choosing from those manufactured by Defendants (even if it costs more), not just another NobelDirect. Second, the coverage under the settlement extends well beyond the original warranty to the lifetime of the patient. Thus, those Class Members who are victims of future failures are not up against an arbitrary deadline, the Settlement covers those failures yet to occur. In discovery and as science evolved, Plaintiff's counsel and their experts learned that these implants are likely to fail well beyond the time originally thought. A study published while the case was being litigated studied peri-implantitis (essentially infection) associated with four implants. Of the four, the study found that the Direct was particularly susceptible to infection and only the NobelDirect (the only one coated with Nobels' "TiUnite® coating) was the only one that they could not remove the peri-implantits from using normal methods. In addition (and in part because of this phenomena), Plaintiffs' experts believe and were prepared to testify that, while most implants experience most of their failures in the first year of implantation (and few fail, at that), the NobelDirect has a "bi-modal" pattern of failure – with some implants failing within the first year, with more failures later coming through year seven and beyond.

In lay terms, the NobelDirect's fundamental defect in instruction and design make it very difficult if not impossible to seat properly in the patients mouth. This increases the chance that the implant will fail to integrate with the bone. It also increases the chances of infection (that can cause failure). This increased chance of infection is exacerbated by a surface coating that not only is more likely to become infected, but also much more difficult to remove infection from. This is important because it all adds up to many more long term failures. That fact made locking in a lifetime warranty a key benefit to plaintiffs in this settlement.

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Finally, while the Settlement requires a questionnaire to be provided detailing facts related to the implant failure, that questionnaire cannot be used to deny a Settlement claim. Only in instances where the Class Member agrees the failure was exclusively a patient-specific cause can a Settlement claim be denied.

Under the terms of the Settlement, within sixty days of the Court's granting of preliminary settlement approval, Defendants will send notice to every known Class Member through both email and U.S. Mail. All Class Members will receive direct notice of the case in two ways. This is the best notice possible in any class action, not just the "best notice possible under the circumstances." Following direct notice to all Class Members, Class Members will have an opportunity to submit a claim for any NobelDirect Implant that has failed.

For NobelDirect Implants that failed prior to the Final Approval of the Settlement, Class Members will receive a payment in the amount actually paid for the NobelDirect Implant, provided they have not already received a replacement under Nobel's original warranty plan. In the event it cannot be determined from Nobel's records the actual amount paid for the NobelDirect Implant, the Class Member will receive $450.00. (Settlement Agreement at III.A.1.)

For NobelDirect Implants that fail after the Final Approval of the Settlement, Class Members who file claims will receive either, at the class member's option, the actual amount paid for the NobelDirect Implant or another replacement Nobel implant, including one of greater retail value.

In sum, the Settlement removes barriers to recovery, extends the coverage on the implants indefinitely, gives Class Members the option of a full refund or a replacement product of their choosing, regardless of price, and provides Class Counsel to assist in any disputed claims.

**E.     The Proposed Notice is Constitutionally Sound.**

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." MANUAL FOR COMPL. LIT. § 21.312.

In order to protect the rights of absent class members, the Court must provide the best notice practicable to class members. See *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-175 (1974). "Rule 23 … requires that individual notice in [opt-out] actions be given to class members who can be identified through reasonable efforts. Those who cannot be readily identified must be given the 'best notice practicable under the circumstances.'" MANUAL, § 21.311. The settlement notice should:

      •    Define the class;

      •    Describe clearly the options open to the class members and the deadlines for taking action;

      •    Describe the essential terms of the proposed settlement;

      •    Disclose any special benefits provided to the class representatives;

      •    Provide information regarding attorneys' fees;

      •    Indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to or opting out of the settlement;

      •    Explain the procedures for allocating and distributing settlement funds, and, if the settlement provides different kinds of relief for different categories of class members, clearly set out those variations;

      •    Provide information that will enable class members to calculate or at least estimate their individual recoveries; and

      •    Prominently display the address and phone number of class counsel and the procedure for making inquiries.

MANUAL FOR COMPL. LIT. § 21.312.

Plaintiff's proposed form of Notice, attached as Exhibit B, satisfies all of criteria above.

18

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Audet & Partners, LLP

### F.     Scheduling the Final Approval Hearing is Appropriate.

The last step in the Settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to make its Settlement evaluation. Proponents of the Settlement may explain the terms and conditions of the Settlement, and offer argument in support of final approval. In addition, Class Members, or their counsel, may be heard in support of or in opposition to the Settlement. The Court will determine after the final approval hearing whether the Settlement should be approved, and whether to enter a final order and judgment under Rule 23(e). Class Counsel request that the Court set a date for a hearing on final approval at the Court's convenience.

## V.     CONCLUSION

Class Counsel have thoroughly investigated and litigated this case and obtained, through vigorous arm's-length negotiation, a Settlement that provides substantial recovery for the Class. This Settlement treats all class members fairly and equally and provides benefits through little burden and no cost to Class members. Accordingly, Counsel for Plaintiffs and the Class respectfully request this Court to preliminarily approve the Proposed Settlement and schedule a final fairness hearing.


Dated this April 15, 2013                      AUDET & PARTNERS, LLP


                                               __/s William M. Audet_____
                                               William M. Audet
                                               221 Main Street, Suite 1460
                                               San Francisco, CA  94105
                                               415.568.2555 T
                                               415.568.2556 F
                                               waudet@audetlaw.com

*Audet & Partners, LLP*

19

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Steve Ochs
805 South Reserve St.
Missoula, MT 59801
406.549.6600 T
406.549.1511 F

Jason Ochs
Ochs Law Firm, PC
323 David Street
Casper, WY 82601

Ramon Lopez
Lopez McHugh, LLP
100 Bayview Circle, Ste. 5600
Newport Beach, CA 92660
949.737.1501 T
949.737.1504 F

*Attorneys for Plaintiff and the Class*

MEMORANUDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Audet &
Partners,
LLP