JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON M. YAMADA, D.D.S., on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NOBEL BIOCARE HOLDING AG, NOBEL BIOCARE AB, NOBEL BIOCARE USA, LLC; and DOES 1 through 10,<br><br>Defendants. | CASE NO. CV 10-04849-MWF (PLAx)<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING CLAIMS** |

Plaintiff and Defendants entered into a class action Settlement agreement (the "Settlement Agreement"), signed by all parties and filed with the Court on April 15, 2013. (Docket No. 160-1, Ex. A). The Court entered an order on May 21, 2013 (the "Preliminary Approval Order"), granting preliminary approval to the Settlement, approving the form and content of the notice of class settlement, ordering dissemination of the notice, providing all Class Members with an opportunity to either exclude themselves from the Settlement or to object to the Settlement, and

1

scheduling a Final Approval Hearing for October 21, 2013, at 10:00 a.m. (Docket No. 165). In accordance with 28 U.S.C. § 1715, Defendants provided notice of the proposed Settlement and the Final Approval Hearing to the appropriate state and federal government officials. (Docket No. 187).

The Court held a Final Approval Hearing on October 21, 2013 at 10:00 a.m, to determine whether to give final approval to the proposed Settlement.

The Court finds that the Parties have complied with the Preliminary Approval Order, that the Settlement Agreement is fair, adequate, and reasonable, and that the Settlement Agreement should be approved. Accordingly, based on the submissions of the Parties and Class Members, the testimony at the Final Approval Hearing, the argument of counsel, the lack of comments or objections filed, and the record in this case, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment on the merits be entered as follows:

**1.   Incorporation of Defined Terms and the Settlement Agreement**

The Court, for purposes of this Order and Judgment Granting Final Approval of Class Action Settlement and Dismissing Claims (the "Final Order and Judgment"), adopts the terms and definitions set forth in the Settlement Agreement as modified herein.

**2.   Jurisdiction**

The Court has personal jurisdiction over the Parties and all Class Members, as well as subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, to settle and release claims as provided in the Settlement Agreement, and to dismiss the Action with prejudice.

**3.   Certification of the Class**

The Court granted certification of the Class in this Action on August 12, 2011 (Docket No. 86), modified certification on September 2, 2011 (Docket No. 94) and

August 31, 2012 (Docket No. 144), and affirmed certification as modified in the Preliminary Approval Order. The Class is defined as follows:

> "All dentists in the United States who have purchased any NobelDirect dental implant other than the 'NobelDirect Groovy.' The class shall include individual dentists who purchased or acquired the NobelDirect dental implant by and through any partnerships, corporations or other similar entities."

A list of persons who have timely excluded themselves from the Settlement and who therefore are not bound by this Final Order and Judgment, is attached hereto as Appendix A, which is incorporated herein and made a part hereof for all purposes.

**4.     Adequacy of Representation**

In granting preliminary approval to the Settlement Agreement, the Court previously affirmed the appointment of Plaintiff Dr. Jason Yamada, D.D.S., as Class Representative, and Audet & Partners, LLP, the Ochs Law Firm, Stephen D. Ochs, J.D., M.D., and Lopez McHugh, LLP, as Class Counsel. (Settlement Agreement, § I).

The appointment of Class Representative and Class Counsel, respectively, is fully and finally confirmed. The Court finds that Plaintiff and Class Counsel have fully and adequately represented the Class for the purposes of entering into and implementing the Settlement Agreement, and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4).

**5.     Class Notice**

The Court finds, based on the evidence, that the direct mail, e-mail notice, and website, in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order:

    a. Constituted the best practicable notice to the Class Members under the circumstances of this Action;

3

  b. Was reasonably calculated to apprise Class Members of (i) the settlement of this class action; (ii) their right to exclude themselves from the Settlement; (iii) their right to any aspect of the Settlement; (iv) their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense); and (v) the binding effect of the Orders and Final Order and Judgment in this Action on all persons who do not request exclusion;

  c. Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

  d. Fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rule 23), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

**6. Class Action Fairness Act Notice**

The Court finds that Defendants provided notice of the proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. (Docket No. 187). Furthermore, the Court has given the appropriate state and federal government officials the requisite 90-day time period to comment or object to the proposed Settlement before entering its Final Order and Judgment.

**7. Class Findings**

For the purposes of the settlement of this Action, the Court adopts the findings of its prior orders on class certification and finds that the requirements of the Federal Rules of Civil Procedure (including Rule 23), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law have been met.

**8. Final Settlement Approval**

The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Plaintiff and the Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure

(including Rule 23), the United States Constitution (including the Due Process Clause), and any other applicable law.

The Court finds that the Settlement Agreement is fair, adequate, and reasonable, based on, *inter alia*, the following factors:

    a. First, there is no fraud or collusion underlying this settlement, and it was reached after good faith, arms-length negotiations, warranting a presumption in favor of approval.

    b. Second, the complexity, expense, and likely duration of the litigation favor settlement on behalf of the Class, which provides meaningful benefits on a shorter time frame than otherwise possible.

    c. Third, based on the stage of the proceedings and the extensive amount of discovery completed, the Parties had developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

    d. Fourth, the support of Class Counsel, who are skilled and experienced in class action litigation such as this, and the Plaintiff, who participated in this litigation and evaluated the proposed Settlement, also favors final approval.

    d. Fifth, the Settlement provides substantial, meaningful relief to the Class, including full cash refunds of the Actual Amount Paid for any Failed NobelDirect Implant, a Court-supervising lifetime claims period, a streamlined claims process with reduced paperwork, and a guarantee that claims cannot be denied. The Settlement not only falls within the range of possible recoveries by the Class, it potentially exceeds the recovery that would be available following a trial.

    e. Sixth, no Class Member has objected to the Settlement and only one Class Member has opted out of the Settlement. The reaction of the Class Members to the proposed Settlement also favors final approval.

**9.    Binding Effect**

The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on Plaintiff and all other Class Members, as well as their

heirs, executors, administrators, representatives, agents, successors, and assigns. The terms of this Final Order and Judgment shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action, or are otherwise encompassed by the Release described in the next paragraph of this Final Order and Judgment.

### 10. Release

The Settlement Agreement contains language releasing Defendants from any and all claims that were or could have been asserted by Plaintiff or any Class Members against Defendants, with respect to the facts, claims, or issues, underlying Plaintiff's and Class Members' claim for Defendants' alleged violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code, § 17200 *et seq.*, or the comparable state consumer protection statutes of each Class Member's home state.

The release language contained in the Settlement Agreement (Settlement Agreement, § VIII) is expressly incorporated herein in all respects, is effective as of the date of this Final Order and Judgment, and forever discharges Defendants as set forth therein. The claims released, pursuant to the Settlement Agreement, will be referred to as the "UCL Released Claims."

### 11. Permanent Injunction

All Class Members, who have not been timely excluded from the Settlement (by serving a properly executed request for exclusion by September 6, 2013), are hereby permanently barred and enjoined from filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order

in any jurisdiction based on or relating to the UCL Released Claims. (Settlement Agreement, § VIII).

### 12. Enforcement of Settlement

Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement, nor shall anything in this Final Order and Judgment preclude Plaintiff or Class Members from filing a Claim pursuant to the Settlement, if they are entitled to do so under the terms of the Settlement Agreement.

### 13. Attorneys' Fees and Reimbursement of Litigation Expenses

The Settlement Agreement provides that this Court has jurisdiction to determine the amount of attorneys' fees and the reimbursement of litigation expenses. (Settlement Agreement, IX). The parties did not reach an agreement on attorneys' fees and litigation expenses in the Settlement Agreement. Class Counsel filed a Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (Docket No. 166), concurrent with the Motion for Final Approval of Class Action Settlement (Docket No. 167). Any fees and expenses awarded by this Court are to be paid separately from and in addition to the benefits to Class Members under the Settlement Agreement, and do not reduce the recovery of Class Members. The Court will address attorneys' fees and expenses in a separate order.

### 14. Retention of Jurisdiction

The Court has jurisdiction to enter this Final Order and Judgment.

Without affecting the finality of this Final Order and Judgment, the Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Class, and all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Settlement Agreement and

resolving any disputes, claims, or claims for relief that, in whole or in part, are related to or arise out of the Settlement Agreement, and/or this Final Order and Judgment;

      b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Settlement Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Defendants), or to ensure the fair and orderly administration of the Settlement; and

      c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Parties, and the Class Members.

**15.   No Admissions**

Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to negotiate, effectuate, and implement the Settlement) is, may be construed as, or may be used as an admission or concession by or against Defendants, as to the validity of any claim or any actual or potential fault, wrongdoing, or liability, whatsoever.

Additionally, neither the Settlement Agreement, nor any negotiations, actions, or proceedings related to them, shall be offered or received in evidence in any action or proceedings against Defendants in any court, administrative agency, or other tribunal for any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and the Settlement Agreement.

This Final Order and Judgment and the Settlement Agreement may be filed and used by Defendants to seek an injunction and to support a defense of *res judicata*, collateral estoppel, estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim as to the Released UCL Claims only.

Class Members, including Plaintiff, have the right to pursue against Defendants any claims not related to the Released UCL Claims.

**16.  Dismissal of Action**

This Action, with respect to the Released UCL Claims, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Class Members, without fees or costs to any party, except as otherwise provided in this Final Order and Judgment and the Court's separate order regarding Class Counsel's attorneys' fees and expenses.

**17.  Final Judgment**

This is a Final Judgment disposing of all Released UCL Claims as to all parties.  Plaintiff and Class Members may continue to pursue any claims not related to the Released UCL Claims.

DATED:  October 22, 2013.  _____

MICHAEL W. FITZGERALD
United States District Judge

**Appendix A:**
**List of Class Members Timely Excluded from Settlement**

Christopher H. Brown, D.D.S.